## AGENTS AND BROKERS

### DUAL AGENCY IN RESIDENTIAL REAL ESTATE TRANSACTIONS PERMISSIBLE WITH FULL DISCLOSURE AND MUTUAL CONSENT

August 17, 1993

*The Honorable Arthur Dorman*
*Maryland Senate*

You have requested our opinion on the legality of a licensed real estate broker's, licensed associate real estate broker's, or licensed real estate salesperson engaging in dual agency by representing the interests of both a seller and a buyer in a residential real estate transaction in Maryland.

For the reasons stated below, we conclude that dual agency is permissible if, but only if, both principals agree to the dual agency after disclosure by the licensee of all material facts.

## I

### Dual Agency

When a property owner signs a listing agreement, an agency relationship is created: The property owner is the principal, and the licensed real estate professional is the agent.[1] A licensee who assists a prospective buyer of real property cooperates with the seller's agent and is, as a matter of law, a subagent of the seller. In this type

---

[1] The Maryland Real Estate Brokers Act identifies three categories of licensees, to which you refer in your inquiry: a "real estate broker," defined in §16-101 of the Business Occupations and Professions Article, Maryland Code ("BOP" Article); a "licensed associate real estate broker," who is an affiliate of a licensed real estate broker, defined in the BOP §16-101(h); and a "licensed real estate salesperson," who is also an affiliate of a licensed real estate broker, defined in BOP §16-101(j). For brevity's sake, this opinion will refer to all three as "licensees"; the legal analysis is the same whether the agent is a licensed real estate broker, licensed associate real estate broker, or licensed real estate salesperson.

of real estate transaction, the licensee "owes no fiduciary duty to the buyer whose interests are adverse to the seller ...." *Lewis v. Long & Foster, Inc.*, 85 Md. App. 754, 761, 584 A.2d 1325 (1991).

In recent years, however, increasing numbers of buyers contract with a licensee to serve, for a fee, as an agent for the buyer. Under this arrangement, the licensee serves as the agent of the buyer, who is the principal, and not as the subagent of the seller. *See Proctor v. Holden*, 75 Md. App. 1, 19 n.6, 540 A.2d 133, *cert. denied*, 313 Md. 506, 545 A.2d 1343 (1988).

Dual agency can arise, for example, if the buyer's agent and the seller's agent are both affiliated with the same broker. If a buyer who had contracted with an affiliated agent undertook negotiations to purchase property listed with that broker, that agent's buyer's agent would become a dual agent.

## II

## Legal Status of Dual Agency

### A. *Introduction*

At common law, an individual was not prohibited from employing an agent for a transaction in which the agent was simultaneously an agent for another party to the transaction. "A person who is employed as agent does not violate any duty to his principal by acting for another party to the transaction if he makes full disclosure of all relevant facts which the principal knows or should know, and the validity of contracts in which the agent acts for both parties is well established if the double agency is known to both and is assented to, or acquiesced in, by each with a full knowledge of the true position of the agent." 3 Am. Jur. 2d *Agency* §241, at 742 (1986) (citing cases). *See also* 2 *Restatement of the Law of Agency 2d* §392, comment b (1958) ("One employed as agent violates no duty to the principal by acting for another party to the transaction if he makes a full disclosure of all relevant facts which he knows or should know, or if the principal otherwise knows of them and acquiesces in the agent's conduct.").

This result is not surprising, for it reflects but an aspect of "liberty of contract." The relationship of principal and agent is ordinarily established by contract, and our legal system generally allows "people [to] manage their own business in their own way, unless the ground for interference is very clear." *Dr. Miles Medical Co. v. John D. Park & Sons Co.*, 220 U.S. 373, 411 (1911) (Holmes, J., dissenting).

As we see the issue, then, dual agency with free and fully informed consent of both principals is permissible unless prohibited by statute or barred by the courts as contrary to Maryland public policy.

### B.    *Relevant Statutes*

BOP §16-322(a)(6) provides that a licensee is subject to disciplinary action if the licensee "acts or attempts to act for more than 1 party in a transaction without the knowledge and consent of all parties for whom the licensee acts." The wording of this prohibition implies that a licensee may act for more than one party in a transaction *with* the knowledge and consent of all the parties.

Another section in the Maryland Real Estate Broker's Act appears to be somewhat inconsistent with the implication of BOP §16-322(a)(6), however. BOP §16-528 requires that, in certain residential real estate transactions, a licensee "shall disclose in writing that the licensee represents the seller or lessor, whether or not the licensee is the listing agent or broker for the property." That is, a licensee working with a prospective buyer is required to disclose that the licensee is the subagent of the seller. This provision reflects the traditional role of cooperating agents in a transaction and is intended to put the buyer on notice that the licensee assisting the buyer is not the buyer's agent. But BOP §16-528 plainly does not apply when, in fact, a licensee *is* the buyer's agent. Nor does it explicitly, or even by implication, prohibit dual agency.

In sum, the Real Estate Broker's Act is inconclusive. While it falls short of reflecting legislative endorsement of dual agency, it certainly does not prohibit dual agency.

### C.    Case Law

In a letter of advice to Senator Idamae Garrott dated March 5, 1993, Assistant Attorney General Kathryn M. Rowe accurately summarized Maryland cases reflecting hostility to dual agency.  For example, Ms. Rowe pointed to *Raisen v. Clark*, 41 Md. 58 (1814), in which the Court of Appeals held that an agent who represented both parties in a land exchange could not enforce the obligation of one of the parties to pay him a commission:

> It is a general rule that a party cannot in any agency of this kind act as agent for both vendor and vendee in respect to the same transaction, because in such case there is a necessary conflict between his interest and his duty.  The vendor in the employment of an agent to sell his property bargains for the disinterested skill, diligence and zeal of the agent for his own exclusive benefit.
>
> It is a confidence necessarily reposed in the agent, that he will act with a sole regard to the interest of the principal as far as he lawfully may.  The seller of an estate is presumed to be desirous to selling it at as high a price as can be fairly obtained for it.  And the purchaser is equally presumed to desire to purchase it for as low as he may. The interests of the two are in conflict.

41 Md. at 159.  *See also Hardy v. Davis*, 223 Md. 229, 232, 164 A.2d 281 (1960); *Blake v. Stump*, 73 Md. 160, 172, 20 A.788 (1890); *Schwartze v. Yearly*, 31 Md. 270, 278 (1869); *Lewis v. Long and Foster, Inc.,* 85 Md. App. at 761; *Proctor v. Holden*, 75 Md. App. at 18.

None of the cases describing the illegality of dual agency, however, involved situations in which all parties assented to the dual agency after full disclosure.  And, as Ms. Rowe also pointed out, the Court of Appeals has strongly implied that dual agency would be permissible with informed consent.

In *Slagle v. Russell*, 114 Md. 418, 80 A. 164 (1911), the case involved complicated facts about whether a broker was entitled to a commission because he had procured the sale of a farm. Some testimony suggested that the broker had entered into an agreement with the buyer to purchase the property jointly. Relying on earlier cases, the Court observed that, "if a broker employed by the owner cannot be agent of the purchaser, surely he cannot be the purchaser himself." 114 Md. at 427. In several places in its opinion, however, the Court was careful to indicate that the general rule did not preclude dual agency by consent of knowledgeable principals. For example, quoting a contemporary legal encyclopedia, the Court observed: "'*Unless the principal is fully advised of the facts,* a broker employed to buy property cannot as a rule sell property in which he has an individual interest; nor may a broker employed to sell property become the buyer thereof.'" *Id.* (citation omitted, emphasis added). The Court also quoted the earlier case of *Blake v. Stump* for the proposition that "'a broker cannot act for both seller and purchaser *without the full knowledge and consent of each*, because their interests are in conflict.'" *Id.* (quoting 72 Md. at 172 emphasis added). Finally, explaining why an agent who purchased the property was not ordinarily entitled to a commission, the Court wrote: "The law will not permit an agent to be thus tempted, and refuses to reward him for services claimed to have been rendered under such circumstances, *unless the owner is made to clearly understand and give his consent to such conditions."* 114 Md. at 428 (emphasis added).

In short, in the cases in which Maryland appellate courts have condemned dual agency, the key element of informed consent by both principals was missing. Conversely, although no case of which we are aware has squarely presented the question, the Court of Appeals has indicated that, with the informed consent of both principals, dual agency would be permissible.[2] As the Minnesota Supreme Court observed, "A dual agency is not per se against public

---

[2] In one old case not involving a real property transaction, the Court held, evidently without disapproval, that, on the particular facts of the case, a stockbroker was the common agent of both the seller and buyer of the stock. *Colvin v. Williams,* 3 H. & J. 38, 42 (1810).

policy, and numerous courts have so held." *PMH Properties v. Nichols*, 263 N.W. 2d 799, 802 (Minn. 1978).[3]

## III

## Conclusion

In summary, it is our opinion that dual agency is not prohibited if both the buyer and the seller are made aware of all material facts concerning the role of the dual agent and both freely assent to the dual agency. Thus, we agree with the advice previously given on this matter by Ms. Rowe. If the General Assembly determines that, as a policy matter, dual agency ought to be barred under all circumstances, it should enact prohibitory legislation.[4]

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

*Editor's Note:*

Since the issuance of this opinion, the General Assembly has enacted legislation regulating various aspects of the brokerage relationship, including dual agency. *See* Chapter 719 of the Laws of Maryland 1994 and Chapter 628 of the Laws of Maryland 1998.

---

[3] In a dual agency, the agent has a duty of fairness to both principals: "An agent employed by both parties to a transaction, with knowledge by them of his double employment, has the ... duty to act with fairness to each of them .... If he is employed to complete a transaction for them, he must act with consideration for the interests of each; if he is employed by each to give advice, his advice must be impartial." 2 *Restatement of the Law of Agency 2d* §392, comment a.

[4] Alternatively, regulation of dual agency – for example, by specifying the timing and nature of disclosures – is a policy issue for legislative consideration. *See* Senate Bill 526 (1993 Session).